**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CAROL MARTINEZ,**
                            **Plaintiff,**

       vs.                                                  08-CV-0117
                                                                        (NAM/DRH)

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY,**

                            **Defendant.**
_____

**APPEARANCES:**                                      **OF COUNSEL:**

Olinsky & Shurtliff, LLP                       Howard D. Olinsky, Esq.
300 S. State Street
5th Floor
Syracuse, New York 13202
*Attorneys for Plaintiff*

Office of General Counsel                     Karen T. Callahan, Esq.
Social Security Administration              Special Assistant U.S. Attorney
26 Federal Plaza - Room 3904
New York, New York 10278                   Mary Ann Sloan, Esq.
*Attorney for Defendant*                         Regional Chief Counsel, Region II

**Norman A. Mordue, Chief U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff Carol Martinez moves for an award of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 25). The Commissioner opposes plaintiff's motion arguing that special circumstances would make an award of the full amount requested unjust. (Dkt. No. 26).

### II. BACKGROUND AND PROCEDURAL HISTORY

On October 18, 2004, plaintiff filed an application for Disabled Widow's Benefits. (T.

57).[1]  Plaintiff's application was denied and an administrative hearing was held before an ALJ in Binghamton, New York. (T. 40). Plaintiff testified that she suffered from pain between her eyes, eye strain, headaches and low back pain. (T. 210-212). On November 22, 2006, the ALJ issued a decision denying plaintiff's claim for benefits. (T. 15-23). On December 20, 2007, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final determination of the Commissioner. (T. 5-8). On January 31, 2008, plaintiff brought the above-captioned action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the Commissioner of Social Security's decision to deny her application for benefits. (Dkt. No. 1). At the time the complaint was filed, plaintiff was represented by Peter A. Groton, Esq. On February 15, 2008, Howard D. Olinsky, Esq. filed a Notice of Appearance on behalf of plaintiff. (Dkt. No. 6).

On May 12, 2008, defendant filed an answer and an Administrative Transcript. (Dkt. No. 13)[2]. On June 26, 2008, counsel for plaintiff filed a memorandum of law in support of a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. No. 16)[3]. In that memorandum of law, counsel argued that the claimant, Carol Martinez, was disabled due to chronic bilateral pleural effusion, hepatitis B and C, cirrhosis, pancreatitis, ascites, recurrent abdominal abscesses and hernia. According to the brief, Ms. Martinez's date of birth was July 7, 1959. The brief also indicated that Ms. Martinez appeared before an ALJ at a

---

[1] "(T. )" refers to pages of the administrative transcript, Dkt. No. 19.

[2] As discussed *infra*, this entry was subsequently removed from the docket.

[3] As discussed *infra*, this entry was subsequently removed from the docket.

2

hearing in Louisiana and underwent extensive medical treatment in Louisiana.[4]

On July 1, 2008, counsel for plaintiff wrote a letter to Magistrate Judge David Homer advising that:

> "[t]he Administrative Transcript filed by the Defendant in this case and relied upon by the Plaintiff in writing and filing her brief did not pertain to this Plaintiff, but to a different individual of the same name".

Counsel advised the Court that the error was discovered by plaintiff on July 1, 2008 after she reviewed the memorandum of law.[5] With the consent of defendant, plaintiff requested a 60-day extension of time to file plaintiff's brief, commencing upon the filing and service of the correct Administrative Transcript. Counsel also requested that the erroneous Administrative Transcript and brief be removed from the docket. On July 1, 2008, Magistrate Judge Homer granted plaintiff's application.

On September 22, 2008, after defendant filed the Administrative Transcript (Dkt. No. 19), plaintiff moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. No. 20). Plaintiff, Carol Martinez (date of birth November 29, 1948), alleged disability due to eye impairments, migraines, lumbar degenerative disc disease and status post fractured right wrist. Upon review of the record, the Commissioner concurred with plaintiff's counsel that the ALJ's decision contained legal errors requiring reversal and remand. On October 10, 2008, the parties submitted a Proposed Order to Magistrate Judge Homer requesting that the final decision of the Commissioner be reversed and the matter be remanded to defendant for

---

[4] The memorandum of law was annexed as an exhibit to defendant's brief in opposition to plaintiff's motion for attorneys' fees.

[5] The memorandum of law was filed with the Court on June 26, 2008.

further administrative action. (Dkt. No. 22). On October 14, 2008, Magistrate Judge Homer ordered the matter remanded to defendant and judgment was entered in favor of plaintiff. (Dkt. Nos. 23, 24). On December 10, 2008, plaintiff filed the within motion seeking attorneys' fees in the sum of $8,886.24. (Dkt. No. 25).

## III.   DISCUSSION

The EAJA provides:

> [A] court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In order for a party to be awarded attorneys' fees under the EAJA, the plaintiff must demonstrate that he or she: 1) is the prevailing party; 2) eligible to receive an award; 3) enumerate the amount sought; 4) show the rate at which fees were computed; and 5) allege that the position of the United States was not substantially justified. *See* § 2412(d)(1)(B). However, even if an agency's position was not substantially justified, an award of fees may be denied or reduced pursuant to EAJA if "special circumstances" would make an otherwise proper award "unjust". *Ortiz v. Chater*, 1997 WL 50217, at *4 (E.D.N.Y. 1997) (citing 28 U.S.C. § 2412(d)(1)(A)).

In this case, plaintiff claims that an EAJA award is available as: (1) plaintiff's net worth did not exceed $2,000,000 at the time the action was filed; (2) plaintiff was a "prevailing party" in a case against the government; and (3) the position of the United States was not substantially justified. (Dkt. No. 25). The Commissioner opposes the motion and argues that special

4

circumstances make an award of the hours spent by counsel prior to June 30, 2008 unjust.[6]  (Dkt. No. 26).

**A.    Special Circumstances**

Although the statute does not define "special circumstances", the Second Circuit has held that equitable considerations should inform a court's decision in this area.  *Oguachuba v. INS*, 706 F.2d 93, 98 (2d Cir. 1983).  "This 'safety valve' . . . gives the court discretion to deny awards where equitable considerations dictate an award should not be made."  *Id*. (courts should apply "traditional equitable principles" to determine if special circumstances exist and may deny or reduce fees when awarding them would be "plainly inequitable," such as when the prevailing plaintiff is "without clean hands").

The Second Circuit has also concluded that:

> where all of the fees were expended on discrete efforts that achieved no appreciable advantage, and where the claim of the prevailing parties rests largely on a result to which the claimant made no contribution, a district court may consider whether special circumstances render an award of attorney's fees less just.

*U.S. v. 27.09 Acres of Land*, 43 F.3d 769, 773 (2d Cir. 1994).

District courts "retain a measure of discretion in applying the special circumstances exception".  *Webb v. Astrue*, 525 F.Supp.2d 1329, 1334 (N.D. Ga. 2007) (holding that the provision should be narrowly construed with the defendant bearing the burden of proof).  The relevant inquiry is whether or not equitable considerations weigh in favor of disallowing plaintiff's counsel to collect a fee under the EAJA.  *Id.*  In *Webb*, the defendant claimed that the plaintiff's attorney failed to present evidence before the ALJ in support of his client's claim.  The

---

[6] Defendant does not argue that plaintiff is not a prevailing party and further, defendant does not contend that the Government's position was substantially justified.

Court agreed noting that had the plaintiff's counsel addressed the relevant issue with the ALJ, the litigation likely could have been avoided. *Id*. The Court concluded that special circumstances made an award of attorney's fees unjust and held:

> [i]f the court awards attorney's fees under these circumstances, it will not only reward the attorney's lack of diligence but effectively would send a message that the Social Security claimant's attorney does not need to be adequately prepared to present and make relevant arguments and inquires at the administrative level because any defects in his or her presentation will be remedied by the Federal Court and paid for by the Government at the taxpayer's expense on appeal.

*Webb,* 525 F.Supp.2d at 1334.

In this case, plaintiff's counsel provided an itemization of the time spent and services rendered/work performed from January 2, 2008 until December 10, 2008. The government contends that none of the hours expended by counsel prior to June 30, 2008 are reasonable in relation to the results obtained. Defendant claims that plaintiff's counsel should not be reimbursed for the time spent in representing someone who was not his client since, "these efforts achieved no appreciable advantage for plaintiff, and these efforts could have been avoided with some due diligence on the part of counsel". Defendant also objects to an award of these fees as the hours were "excessive, redundant or otherwise unnecessary".

Upon a review of the record, the Court finds that while the actions of plaintiff's counsel do not amount to misconduct, equitable considerations necessitate a denial of fees incurred prior to June 26, 2008. Counsel's billing entries from January 2, 2008 until March 2008 (approximately 4.9 hours) include time spent reviewing decisions from Peter Gorton and telephone conferences with Peter Gorton and plaintiff.[7] The billing entries from April 2008 until

---

[7] Additionally, several entries involve clerical tasks and are less than precise. *See Greenridge v. Barnhart*, 2005 WL 357318, at *4 (W.D.N.Y. 2005)*; see also Destefano v. Astrue*, 2008 WL 623197, at *3 (E.D.N.Y. 2008).

June 2008 pertain specifically to the preparation of the erroneous memorandum of law.  The Court finds that an award of fees for any of this time would be unreasonable and unjust.

Plaintiff's counsel claims that he conferred both with prior counsel and plaintiff.  Despite these "conferences", plaintiff's counsel prepared a 21-page memorandum of law for a plaintiff that he did not represent that included a "Statement of Facts" that was 9 ½ pages in length.  The legal and factual issues involved in plaintiff's action are quite distinct from those presented by the other "Carol Martinez".[8]  The efforts expended in preparing and filing the first memorandum of law did not achieve any appreciable advantage for plaintiff.  Defendant was responsible for filing the Administrative Transcript and clearly failed to exercise due diligence by filing and certifying a transcript for the wrong claimant.  However, after the transcript was filed, plaintiff's counsel allegedly spent 6 hours reviewing the transcript and analyzing the record and 11 hours researching issues and drafting a memorandum of law that was factually and legally dissimilar from his client's action.  There is no allegation that defendant took any action after filing the transcript that contributed to the mistake or confusion.  Counsel's unnecessary efforts could easily have been avoided had counsel adequately and thoroughly consulted with plaintiff or her former counsel and diligently represented his client.  *See Burger v. Astrue*, 2009 WL 113485, at *3 (N.D.N.Y. 2009) (holding that it is inequitable to grant attorneys' fees arising out of an action that was caused, in part, if not primarily by counsel's own failure to adequately develop the record).  Indeed, counsel admitted that the discrepancy was only discovered by plaintiff when she was given an opportunity to review the memorandum of law, **after** the memorandum of law had already been filed with the

---

[8] Upon a review of both memoranda of law, the Court notes that plaintiff's claim involved a very different injury, physicians/therapists in Central New York rather than Louisiana and different alleged errors by the ALJ.  In addition, plaintiff and the other "Carol Martinez" had different dates of birth and requested different benefits from the Commissioner.

7

Court.

As such, equitable considerations preclude the court from awarding fees under these circumstances. Accordingly, the Court finds that special circumstances make an award of attorneys' fees for the 25.8 hours expended between January 2008 and June 26, 2008 unjust.

**B.     Attorneys' Fees from June 30, 2008 until December 10, 2008**

The Third Circuit has held that, "this circuit's precedent [] binds the district court not to reduce the fee amount requested *sua sponte*, in the absence of a Government objection".[9] *U.S. v. Eleven Vehicles, Their Equipment and Accessories*, 200 F.3d 203, 212 (3d Cir. 2000). The opposing party must make an objection. *See Smith v. Astrue*, 2008 WL 696253, at *3 (D. Kan. 2008). "[A] court may not reduce counsel fees *sua sponte* as 'excessive, redundant, or otherwise unnecessary' in the absence of a sufficiently specific objection to the amount of fees requested" and the court "may not award less in fees than requested unless the opposing party makes specific objections to the fee request." *Gonzalez v. Astrue*, 564 F.Supp.2d 317, 319 (D.N.J. 2008) (citing *Eleven Vehicles*, 200 F.3d at 211).

In this case, defendant does not specifically object to the reasonableness of the 25.2 hours allegedly expended by plaintiff's counsel from June 30, 2008 until December 10, 2008. Defendant does not claim that the amount should be reduced or that the fees requested are excessive. As defendant had not taken issue with the amount, the Court is precluded from engaging in an analysis of the time spent or the billing rate. Accordingly, the Court awards attorneys' fees in the amount of $4390.85.[10]

---

[9] The Second Circuit has not addressed this issue.

[10] Plaintiff requested an hourly rate of $174.24 for work performed in 2008. Defendant does not object.

## IV. CONCLUSION

Based upon the foregoing, it is hereby

**ORDERED** that plaintiff's motion (Dkt. No. 25) for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, is **GRANTED** in the amount of $4.390.85, with the award to be made payable to plaintiff's counsel.[11]

**IT IS SO ORDERED.**

Date: March 8, 2010

_____
Norman A. Mordue
Chief United States District Court Judge

---

[11] On December 9, 2008, plaintiff executed an Affidavit and Waiver of Direct Payment of EAJA Fees. In the Affidavit, plaintiff stated, "I hereby agree to waive direct payment of the EAJA fees and assign said fees to be paid directly to my attorney". (Dkt. No. 25). Defendant does not object to awarding the fees directly to plaintiff's attorney.